# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | | |
|---|---|---|
| Jason Ellison, | ) | |
| | ) | Civil Action No. 4:15-cv-01196-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding *in forma pauperis*, brings this action pursuant to § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), seeking judicial review of a final decision of Defendant, the Acting Commissioner of Social Security ("the Acting Commissioner), who denied his claim for Disability Insurance Benefits ("DIB"). (ECF No. 1.) On March 13, 2015, Plaintiff filed the Complaint seeking an order from this court reversing the Acting Commissioner's finding that Plaintiff does not meet the requirements to receive DIB because he was not disabled within the meaning of the Act. (ECF No. 1.)

This matter was referred to United States Magistrate Judge Thomas E. Rogers, III for a Report and Recommendation ("Report") pursuant to Local Civil Rule 83.VII.02 for the District of South Carolina. The Magistrate Judge's report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. On May 26, 2016, the Magistrate Judge issued a Report recommending that the decision of the Acting Commissioner be reversed and remanded for further administrative proceedings because the court could not determine that the Commissioner's decision was supported by substantial evidence. (ECF No.

21.) The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a recitation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The parties were advised of their right to file an objection to the Report by June 13, 2016. (ECF No. 21.) The Acting Commissioner filed a Notice of Not Filing Objections to the Report and Recommendation of the Magistrate Judge on June 13, 2016. (ECF No. 24.) Plaintiff filed no objections. In the absence of an objection to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Instead, the court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law in the instant matter. The court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 21). It is therefore

**ORDERED** that the Acting Commissioner's decision is **REVERSED** and remanded for further administrative proceedings as set forth in the Magistrate Judge's Report.

   **IT IS SO ORDERED.**

                United States District Judge

June 21, 2016
Columbia, South Carolina